IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIRST COMMUNITY BANK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 16-0403-WS-B |
| | ) |
| **M/V MISS ANNA**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DECREE ORDERING SALE OF VESSEL**

This matter comes before the Court on plaintiff's Motion for Sale of Vessel (doc. 29). All *in personam* defendants – including James N. Skinner, Suzanne P. Skinner, and Skinner Pile Driving, Inc., the owner of the vessel in question – are in default, as evidenced by the Clerk's Entry of Default (doc. 28) entered on October 12, 2016.  No defendants having appeared or made any attempt to defend against plaintiff's claims asserted herein or to secure the release of the vessel, and in light of each defendant's defaulted status in these proceedings, the Court concludes that the Motion for Sale of Vessel is properly taken under submission at this time.

On August 12, 2016, this Court entered an Order Granting Plaintiff's Motion for Order of Arrest (doc. 7), directing issuance of a warrant for arrest of the vessel M/V MISS ANNA, Official No. 988506, her hull, engines, tackle, furniture, gear, electronics, equipment and appurtenances (collectively, the "Vessel").  The Clerk of Court promptly issued a Warrant for Maritime Arrest (doc. 9), after which the U.S. Marshal arrested the Vessel at a dock near Winter's Marina on Steele Creek in Satsuma, Alabama.  (*See* doc. 10.)  On August 18, 2016, Cooper Marine & Timberlands Corp. was appointed substitute custodian and the Vessel was placed in possession of such substitute custodian.  (*See* docs. 13, 24.)

Actual notice of this action has been given to the Vessel's owner (Skinner Pile Driving, Inc.) and two individuals who are or may be principals of said entity (Suzanne P. Skinner and James N. Skinner), by virtue of their status as *in personam* defendants in this action who were served with process back in August 2016 and again in early September 2016.  (*See* docs. 14-16,

26.) Actual notice has also been given to the master or individual in charge of the Vessel.  (*See* doc. 22.)  And plaintiff has shown that no outstanding lien claimants or mortgagees have recorded or filed notices of undischarged liens or mortgages against the Vessel with the U.S. Coast Guard; thus, there appear to be no lien claimants or mortgagees entitled to actual notice. (*See id.*)  Public notice of this action and the arrest of the Vessel was published in *The Press Register*.  The court-ordered deadlines for any interested persons and entities to file a verified statement of claim pursuant to Supplemental Rule C(6)(a) have expired, yet none have come forward and no statements of claim have been received for filing by the Clerk of Court.

Furthermore, First Community Bank has made an adequate showing that the Vessel is properly subject to interlocutory sale pursuant to Rule E(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.  In particular, plaintiff has submitted evidence that the Vessel is liable to deterioration, decay or injury by being detained in custody pending this action; and that the Vessel's owner has delayed unreasonably in attempting to secure release of the Vessel from its present arrest.  (*See* Stokes Aff. (doc. 29, Exh. A), at 2.)[1] The Vessel is presently in possession of Cooper Marine & Timberlands Corp., the duly appointed substitute custodian, and is within the jurisdiction of this Court.

In light of the foregoing, and in the absence of any response or objection from the Vessel's owner or anyone else, the Motion for Sale of Vessel (doc. 29) is **granted** pursuant to Supplemental Rule E(9).  Therefore, it is **ordered** as follows:

1. The defendant vessel, M/V MISS ANNA, its hull, rigging, tackle, apparel, equipment, furniture, engines and all other appurtenances appertaining and belonging to said vessel shall be condemned and sold at public auction by the United States Marshal, on the notice as below further described, to protect all

---

[1] First Community Bank also argues that interlocutory sale pursuant to Supplemental Rule E(9)(a)(i)(B) is appropriate because "[t]he mounting custodial and insurance fees are becoming excessive given the inaction of the owner" (doc. 29-1, at 3).  Plaintiff has made no showing that quantifies any such accruing fees; therefore, the Court lacks any record basis to assess whether the expense of keeping the property is excessive or disproportionate.  As such, the Court finds that plaintiff has made an insufficient showing to warrant interlocutory sale pursuant to Supplemental Rule E(9)(a)(i)(B).  The practical implications of this determination are negligible, however, because independent grounds for such a sale have been established pursuant to Supplemental Rule E(9)(a)(i)(A) (arrested property is liable to deterioration, decay or injury) and E(9)(a)(i)(C) (unreasonable delay in securing release of property).

       interested parties in accordance with Supplemental Rule E(9), with such sale to be free from all mortgages, liens and other encumbrances to answer the prayers of the Complaint;

2. The substitute custodian, Cooper Marine & Timberlands Corp., shall permit reasonable presale inspections by interested bidders;

3. The Clerk of Court shall issue a Writ of *Venditioni Exponas* to the United States Marshal for the public sale of the Vessel on the front steps of the United States Courthouse, 113 St. Joseph Street, Mobile, Alabama, such sale to occur on **November 17, 2016** at **12:00 noon, local time.** Pursuant to that Writ of *Venditioni Exponas*, the Marshal shall publish a Notice of Sale of the Vessel, such Notice to appear in *The Press-Register*, a newspaper of general circulation published in the territorial jurisdiction of this Court, one time per week for two consecutive weeks, with the last date of publication to be not less than seven days preceding the sale, as follows: **November 2 and 9, 2016**. Pursuant to Civil L.R. 104(m)(1), the Notice of Sale shall specify that the last date on which claims can be filed against the Vessel or the proceeds of sale of same is **December 19, 2016**. Plaintiff is responsible for furnishing the Clerk of Court with an appropriate form of Writ of *Venditioni Exponas* and the United States Marshals Service with an appropriate form of Notice of Sale;

4. All charges incurred by the United States Marshal for the advertisement of the sale of the Vessel shall be Marshal's expenses of sale and administrative costs herein;

5. Plaintiff is authorized, but not required, to supplement the Marshal's sale advertisements by placing its own advertisements in such newspapers and publications as it deems fit, which costs may be taxed as costs and reimbursed out of the proceeds of the sale to the extent such costs are found to be reasonable under the circumstances;

6. The Marshal shall conduct the sale of the Vessel in the following manner:
    (a) The sale shall be to the highest and best bidder;
    (b) All prospective bidders for the Vessel shall be required to register with the U.S. Marshal before the sale of the Vessel;

    (c)    All prospective bidders other than First Community Bank shall be obligated to establish financial responsibility prior to the sale by displaying to the U.S. Marshal the cash or check required pursuant to subparagraph (e), *infra*;

    (d)    All prospective bidders shall be informed at the beginning of the sale that only valid bids may be made;

    (e)    Subject to the provisions of subparagraph (f), *infra*, the highest and best bidder at the sale shall be required to deliver to the Marshal at the time of said sale, by cash, certified check, or cashier's check, a deposit in the sum of 10% of the successful bid. The balance must be paid to the U.S. Marshal within three (3) business days thereafter, by cash, certified check, cashier's check, or wire transfer. In the event of late payment or default by the successful bidder, the provisions of Civil L.R. 104(m)(3)-(4) shall govern; and

    (f)    Plaintiff is authorized to credit bid at the sale of the Vessel up to the amount claimed to be due on indebtedness secured by the loan documents (Credit Agreement and Commercial Guaranty) and Preferred Ship Mortgage, without being required to deliver cash or earnest money to the U.S. Marshal, said bid being deemed paid in full, for purposes of confirmation of the sale, on the date such bid was made. As of May 19, 2016, the amount of indebtedness alleged to be secured by the Preferred Ship Mortgage was $39,139.09, plus late charges of $291.60.

DONE and ORDERED this 25th day of October, 2016.

                                  s/ WILLIAM H. STEELE
                                  CHIEF UNITED STATES DISTRICT JUDGE