IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIRST COMMUNITY BANK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 16-0403-WS-B |
| ) | |
| **M/V MISS ANNA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (doc. 38). Although the *in personam* defendants were given notice of the Motion via service on their counsel, they elected to remain silent, just as they have consistently done for more than four months following service of process. The Motion is thus ripe for disposition.[1]

**I.     Factual and Procedural History.**

Plaintiff, First Community Bank, filed the Complaint (doc. 1) to enforce a First Preferred Ship Mortgage and Guaranties executed by the *in personam* defendants. The named defendants include the commercial motor vessel M/V MISS ANNA, her engines, tackle, apparel, furniture, and all other appurtenances pertaining to the vessel, *in rem* (collectively, the "Vessel"), along with Skinner Pile Driving, Inc., James N. Skinner, and Suzanne P. Skinner, all *in personam*. Skinner Pile Driving and the Skinners were served with the Summons and Complaint via personal service on August 5, 2016. (*See* docs. 14-16.) However, at no time have any of them

---

[1] Plaintiff appears to be requesting that its Motion for Default Judgment be referred to the Clerk of Court for the ministerial task of entering judgment in the specified amount. Indeed, plaintiff cites Rule 55(b)(1), Fed.R.Civ.P. (which allows the Clerk of Court to enter default judgment against a defendant who has been defaulted for not appearing "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation") and submits as Exhibit C to its Motion a proposed form of Default Judgment for execution by the Clerk of Court. Upon review, and for the reasons set forth below, the undersigned concludes that the Motion is properly evaluated under Rule 55(b)(2) (in which a "party must apply to the court for a default judgment"), not Rule 55(b)(1).

appeared in this action or defended against First Community Bank's claims and causes of action pleaded herein.  In light of these defendants' failure to plead or otherwise defend, a Clerk's Entry of Default (doc. 28) was properly entered by the Clerk of Court against Skinner Pile Driving, James Skinner and Suzanne Skinner pursuant to Rule 55(a), Fed.R.Civ.P., on October 12, 2016. Although the Clerk of Court mailed a copy of the Clerk's Entry of Default to each *in personam* defendant at his, her or its address of record, none of them responded or made any attempt to have the default set aside pursuant to Rule 55(c).  All indications before the Court are that the *in personam* defendants are fully aware of both the pendency of this action and their defaulted status, but that none of them wish to contest entry of the default judgment requested by First Community Bank.

Even as its claims against the *in personam* defendants stalled because of those defendants' failure to participate in this litigation, First Community Bank moved forward with its *in rem* claims against the M/V MISS ANNA.  On August 12, 2016, the Court issued an Order (doc. 7) authorizing issuance of a Warrant of Arrest for the Vessel, which the United States Marshals Service executed later that day at Winter's Marina in Satsuma, Alabama.  (*See* doc. 10.)  After actual notice was given to the Vessel's owner (Skinner Pile Driving) and the apparent principals of that entity (James and Suzanne Skinner), and following public notice of this action and the arrest of the Vessel published in *The Press Register*, no interested claimants, lienholders, or mortgagees appeared or submitted statements of claim within the designated timeframe. Accordingly, on October 25, 2016, the Court entered a Decree Ordering Sale of Vessel (doc. 30). On November 17, 2016, the U.S. Marshals Service auctioned the M/V MISS ANNA on the courthouse steps.  First Community Bank was the highest and best (and only) bidder, submitting a bid of $78,733.70.  (*See* doc. 33.)  First Community Bank remitted the entire sale price to the Clerk of Court in two installments dated November 17, 2016 and November 23, 2016.  (*See* docs. 34 & 35.)  On November 29, 2016, the Court entered an Order Confirming Sale of Vessel (doc. 37) ordering, adjudging and decreeing that the sale of the M/V MISS ANNA was confirmed and that all right, title and interest to the Vessel was thereby conveyed to First Community Bank or its nominee.  Simply put, First Community Bank now owns the Vessel, and has paid over the sum of $78,733.70 to the Clerk of Court to purchase same at the auction administered by the U.S. Marshals Service last month.

What remains, of course, is the need for First Community Bank to reduce to judgment its claims against the *in personam* defendants.  By virtue of their defaulted status, those defendants have admitted all facts pleaded in the Complaint.  Those well-pleaded facts include the following: (i) on July 19, 2013, First Community Bank extended a line of credit loan of $50,000 to Skinner Pile Driving pursuant to a Line of Credit Agreement; (ii) on that same date, Skinner Pile Driving (then-owner of the M/V MISS ANNA) executed a First Preferred Ship Mortgage in favor of First Community Bank as security for the Line of Credit Agreement; (iii) despite due demand from First Community Bank, Skinner Pile Driving failed to pay off the debt, and defaulted on the Line of Credit Agreement; (iv) also on July 19, 2013, James Skinner and Suzanne Skinner each executed Commercial Guaranties, pursuant to which they absolutely and unconditionally guaranteed repayment of the debt evidenced by the Line of Credit Agreement; and (v) the Skinners failed to fulfill their guaranty obligations or to make the payments required under the Line of Credit Agreement, such that they are in breach of their Commercial Guaranties.  (Doc. 1, ¶¶ 4-17.)

Pursuant to its Motion for Default Judgment, plaintiff now seeks entry of default judgment against Skinner Pile Driving, James Skinner and Suzanne Skinner in the amount of $84,573.94, and has filed an accompanying evidentiary submission to support the requested sums.  As noted, the *in personam* defendants have neither appeared nor opposed entry of default judgment in the amount sought, despite notice and a fair opportunity to be heard.

**II.     Propriety of Entry of Default Judgment.**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.").  Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, the *in personam* defendants have failed to appear or otherwise respond to a pending lawsuit for more than four months, entry of default judgment is appropriate.  Indeed, Rule 55 provides for entry of default and default judgment where a defendant "has failed to plead

or otherwise defend." Rule 55(a), Fed.R.Civ.P.  In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[2]  In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).  That is precisely what has happened here.  Despite service of process on the *in personam* defendants back in August 2016, none of them ever appeared, answered or defended against First Community Bank's claims.

That said, a defendant's failure to appear and a Clerk's Entry of Default do not automatically entitle a plaintiff to a default judgment in the requested (or any) amount.  After all, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Cotton States Mut. Ins. Co. v. Sellars*, 2008 WL 4601015, *5 (M.D. Ala. Oct. 15, 2008) ("the failure to defend does not automatically entitle a plaintiff to recover"); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief").  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG*

---

[2] *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

*Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

The threshold question, then, is whether First Community Bank's Complaint states a viable claim for relief. The Court readily concludes that it does. After all, the well-pleaded factual allegations of the Complaint (which are deemed admitted pursuant to Rule 55) specifically allege that Skinner Pile Driving borrowed money from First Commercial Bank, entered into a Line of Credit Agreement agreeing to repay those funds, and subsequently defaulted on its contractual obligations by failing to pay off the debt. Those factual allegations are sufficient to establish Skinner Pile Driving's liability for the breach of contract claim listed as plaintiff's First Cause of Action in the Complaint.[3] Similarly, the Complaint's well-pleaded factual allegations reflect that each of James Skinner and Suzanne Skinner executed a Commercial Guaranty in First Commercial Bank's favor, pursuant to which each of them absolutely and unconditionally guaranteed full and punctual payment of Skinner Pile Driving's debt, then failed and refused to make the required payments. Those factual allegations are sufficient to establish the liability of James Skinner and Suzanne Skinner for the breach of guaranty claims listed as plaintiff's Second and Third Causes of Action, respectively.[4]

---

[3] Under well-settled Alabama law, "[a] promissory note is a form of contract; therefore, it must be construed under general contract principles." *Bockman v. WCH, LLC*, 943 So.2d 789, 795 (Ala. 2006); *see also Merchants Bank v. Head*, 161 So.3d 1151, 1154 (Ala. 2014) (same). "In order to establish a breach-of-contract claim, a plaintiff must show (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *City of Gadsden v. Harbin*, 148 So.3d 690, 696 (Ala. 2013) (citations omitted); *see also Bahakel v. Drivetrain Automotive Supercenter, Inc.*, --- So.3d ----, 2016 WL 2610723, *4 (Ala.Civ.App. May 6, 2016) (similar). The Complaint adequately alleges facts supporting the presence of all elements of a breach-of-contract claim against Skinner Pile Driving, such that the First Cause of Action states a viable claim as to which default judgment may be entered.

[4] The legal standard under Alabama law for a breach of guaranty claim bears close resemblance to that governing promissory note-based claims. *See Eagerton v. Vision Bank*, 99 So.3d 299, 304 (Ala. 2012) ("Rules governing the interpretation and construction of contracts are applicable in resolving a question as to the interpretation or construction of a guaranty contract. … Absent fraud in the inducement, an absolute guaranty will be enforced according to its terms ….") (citations omitted); *see also Black Warrior Minerals, Inc. v. Fay*, 82 So.3d 650, 653 (Ala. 2011) (reading terms of guaranty in context and giving them their "ordinary, plain, and natural (Continued)

Because the Complaint is sufficient to state claims against all three *in personam* defendants, entry of default judgment is appropriate pursuant to Rule 55, given those defendants' failure to appear after service of process. As such, the Court finds that Skinner Pile Driving is liable as to Count One, James Skinner is liable as to Count Two, and Suzanne Skinner is liable as to Count Three. Default judgment will be entered against all three of these defendants, jointly and severally.

### III.   Amount of Damages.

Notwithstanding the propriety of default judgment, it remains incumbent on First Community Bank to prove its damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Fun Charters, Inc. v. Vessel SHADY LADY, Official No. 681969*, 2015 WL 789751, *3 (S.D. Ala. Feb. 25, 2015) (same); *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1

---

meaning"). Thus, "[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Adams v. Tractor & Equipment Co.*, 180 So.3d 860, 869 (Ala. 2015) (citation omitted). The well-pleaded factual allegations of the Complaint (which the Skinners have admitted by virtue of their default) adequately establish the existence of all of these elements, such that First Community Bank is entitled to entry of default judgment against the Skinners as to the Second and Third Causes of Action.

(S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[5]

In the exhibits accompanying its Motion for Default Judgment, plaintiff explains that it is seeking entry of default judgment in the total amount of $84,573.94. It disaggregates that figure into the following categories of damages: (i) unpaid principal, interest and late charges of $41,273.72; (ii) costs, fees and expenses relating to the arrest, safekeeping and purchase/sale of the M/V MISS ANNA, in the amount of $19,593.19; and (iii) attorney's fees and expenses of $23,707.03. (Hoffman Aff. (doc. 38, Exh. A), ¶ 4.) The Court will evaluate the sufficiency of plaintiff's legal and evidentiary showing of each in turn.

With regard to principal, interest and late charges, plaintiff simply recites a single figure ($41,273.72), without identifying what portion of that amount is unpaid principal, what portion is interest, and what portion is late charges. Moreover, plaintiff has not furnished the Court with an explanation of how the interest or late charges were calculated, much less connected them to specific contract provisions delineating the amount and nature of those charges to which First Community Bank agreed. A fundamental problem with plaintiff's showing as to interest and late

---

[5] In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages …, the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show … damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."). Here, First Community Bank does not request an evidentiary hearing, but instead attempts to utilize affidavits and exhibits to prove up its damages.

fees is that plaintiff has never provided the Court with a copy of the Line of Credit Agreement that forms the contractual backbone of its First Cause of Action.[6] The Court therefore cannot determine what the contractual source of the claimed interest and late charges might be, much less what those figures are, how plaintiff calculated them, and what the factual predicate for them might be.

Moving on to the second category of damages, First Community Bank requests an award of $19,593.19 as reimbursement for costs associated with the arrest and sale of the M/V MISS ANNA. Those costs are broken down as follows: $4,380 to the first substitute custodian, $9,640.50 to the second substitute custodian, $1,500 for a marine survey, $1,562.50 for port risk insurance, $670.42 for publication of the notice of arrest, $643.76 for publication of the notice of sale, and $1,196.01 for the U.S. Marshals Service commission associated with the sale of the Vessel on the courthouse steps. (Hoffman Aff., ¶ 4 & Exh. 2.) The principal problem with this aspect of the Motion for Default Judgment is that First Community Bank cites no authority that would render these expenses recoverable as damages against the defaulting defendants. If plaintiff contends that it is entitled to an award of these amounts under the applicable contracts, then plaintiff must (i) file copies of the relevant contract documents, and (ii) identify the particular provisions of those contracts that it maintains entitle it to such relief. To date, plaintiff

---

[6] To be sure, plaintiff's Complaint states that "[a] copy of the Line of Credit Agreement is attached hereto as Exhibit A" (doc. 1, ¶ 6), and plaintiff's witness, Patrick Hoffman, Vice President of First Community Bank, likewise indicates in his affidavit that such agreement is "attached to the Verified Complaint." (Hoffman Aff. (doc. 38, Exh. A), ¶ 2.) No copy of the Line of Credit Agreement is attached to the Verified Complaint found at docket entry 1 in the court file. The Court does not have that document and, consequently, cannot scrutinize it at this time. Plaintiff has, however, attached a copy of a Promissory Note and Commercial Security Agreement (both dated April 30, 2015) as exhibits to the Motion for Default Judgment. (*See* Hoffman Aff., at Exh. 1.) But the Verified Complaint makes no mention of an April 2015 Promissory Note or Commercial Security Agreement and asserts no claims against defendants for breach of such agreements. To the contrary, the breach of contract claim against Skinner Pile Driving is framed in the pleadings exclusively in terms of a July 19, 2013 Line of Credit Agreement and a July 19, 2013 First Preferred Ship Mortgage. (Doc. 1, ¶¶ 6-11.) Therefore, the damages which First Community Bank may recover from Skinner Pile Driving in this action are limited to those arising from breach of the July 2013 contract documents, rather than an unpleaded breach of an April 2015 Promissory Note and Commercial Security Agreement. Without more, plaintiff's showing of damages must be confined to damages arising from breach of the July 2013 agreements. Plaintiff has made no showing and presented no argument explaining how the terms of April 2015 agreements could be relevant to that damages inquiry.

has done neither.  Plaintiff also must make a showing of reasonableness as to each line item, which it has not done.

As for the third category of damages, First Community Bank claims attorney's fees of $21,516.50 and expenses of $2,190.53.  (Hoffman Aff., ¶ 4; Radcliff Aff. (doc. 38, Exh. B), ¶ 2.)  Once again, however, plaintiff does not identify the legal source that it contends authorizes such an award here.  "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract …."  *Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); *see also Battle v. City of Birmingham*, 656 So.2d 344, 347 (Ala. 1995) (same).  Presumably, First Community Bank's position is that contractual provisions in the Line of Credit Agreement and Commercial Guaranties allow for recovery of attorney's fees and costs here.[7]  But those contracts are not in the court file and any relevant language from those agreements is not before the Court.

With respect to attorney's fees, applicable law is clear that, as a matter of public policy, attorney's fees are recoverable only to the extent that they are reasonable.  *See, e.g., Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So.3d 226, 241 (Ala.Civ.App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation."); *Branch Banking and Trust Co. v. Howard*, 2013 WL 951652, *6 (S.D. Ala. Mar. 8, 2013) ("Alabama law imposes a reasonableness constraint on all fee-shifting contracts, as a matter of public policy.").  Plaintiff has not provided the Court with sufficient information to evaluate the reasonableness *vel non* of the claimed attorney's fees.  After all, as a general proposition, "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. … The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted).  From plaintiff's conclusory submission, it is impossible to determine the number of hours expended on the litigation (much less to ascertain whether that number of hours was reasonable under the circumstances by breaking down how those hours

---

[7] Such contract terms, if they exist, are enforceable under Alabama law.  *See Army Aviation Center Federal Credit Union v. Poston*, 460 So.2d 139, 141 (Ala. 1984) (explaining that "provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach").

were allocated on a task-by-task basis) or the hourly rate that plaintiff's counsel charged (much less the reasonableness of such rate). And, no showing has been made as to how $2,190.53 in costs (over and above the costs of arresting, safekeeping and selling/purchasing the Vessel) were incurred in this litigation.

### IV.     Conclusion.

For all of the foregoing reasons, the Court finds that plaintiff is entitled to entry of default judgment against Skinner Pile Driving as to the First Cause of Action, against James Skinner as to the Second Cause of Action, and against Suzanne Skinner as to the Third Cause of Action. However, plaintiff's proof of damages is inadequate in certain key respects. Accordingly, plaintiff is **ordered** to file a supplemental memorandum and supporting exhibits addressing the deficiencies in its showing of damages on or before **January 5, 2017**. Copies of these supplemental materials must be served on the *in personam* defendants.

DONE and ORDERED this 15th day of December, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE