IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIRST COMMUNITY BANK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 16-0403-WS-B |
| ) | |
| **M/V MISS ANNA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (doc. 38), as supplemented by plaintiff's Supplemental Memorandum in Support of Motion for Default Judgment (doc. 41).

Plaintiff, First Community Bank, brought this action to enforce its First Preferred Ship Mortgage as to defendant M/V MISS ANNA; a Line of Credit Agreement executed by defendant Skinner Pile Driving, Inc. on July 19, 2013; and Commercial Guaranties executed by defendants James Skinner and Suzanne Skinner on July 19, 2013. The M/V MISS ANNA was sold by the U.S. Marshals Service via auction on the courthouse steps on November 17, 2016, pursuant to a Decree Ordering Sale of Vessel (doc. 30). The *in personam* defendants (Skinner Pile Driving, James Skinner and Suzanne Skinner) neither appeared in this action nor defended against First Community's claims, despite service of process, actual notice, and numerous opportunities to be heard. On December 15, 2016, the undersigned entered an Order (doc. 40) finding that, as a result of defendants' default in these proceedings, all well-pleaded factual allegations in the Complaint would be deemed admitted by them.

Applying the Rule 55 legal standard to First Community's Complaint, the December 15 Order concluded as follows:

> "[T]he well-pleaded factual allegations of the Complaint (which are deemed admitted pursuant to Rule 55) specifically allege that Skinner Pile Driving borrowed money from First Commercial Bank, entered into a Line of Credit Agreement agreeing to repay those funds, and subsequently defaulted on its contractual obligations by failing to pay off the debt. Those factual allegations

> are sufficient to establish Skinner Pile Driving's liability for the breach of contract claim listed as plaintiff's First Cause of Action …. Similarly, the Complaint's well-pleaded factual allegations reflect that each of James Skinner and Suzanne Skinner executed a Commercial Guaranty in First Commercial Bank's favor, pursuant to which each of them absolutely and unconditionally guaranteed full and punctual payment of Skinner Pile Driving's debt, then failed and refused to make the required payments. Those factual allegations are sufficient to establish the liability of James Skinner and Suzanne Skinner for the breach of guaranty claims listed as plaintiff's Second and Third Causes of Action, respectively.
>
> \*             \*             \*
>
> "[T]he Court finds that Skinner Pile Driving is liable as to Count One, James Skinner is liable as to Count Two, and Suzanne Skinner is liable as to Count Three. Default judgment will be entered against all three of these defendants, jointly and severally."

(Doc. 40, at 5-6 (footnotes omitted)).

Having found that the *in personam* defendants were liable and that entry of default judgment against them was appropriate, the December 15 Order proceeded to examine First Community's evidentiary submission concerning damages. That showing was found to be inadequate in certain enumerated respects; therefore, the December 15 Order directed plaintiff to supplement its submission in a manner that would enable the Court to fulfill its "obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, \*1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative"). On January 4, 2017, First Community filed a comprehensive Supplemental Memorandum with nearly 100 pages of exhibits, meticulously documenting each line item of damages it seeks and providing supporting back-up documentation for each.

The first category of damages sought by First Community is the unpaid principal, accrued interest and late charges on the underlying loan. Plaintiff's evidence shows that First Community established a $50,000 line of credit for Skinner Pile Driving via Credit Agreement dated July 19, 2013. (Hoffman Aff. (doc. 41, Exh. A), ¶¶ 3, 9, 10 & Exh. 1.) Plaintiff also presents evidence that Skinner Pile Driving's last payment on the Credit Agreement balance was made on January 27, 2016, resulting in an unpaid principal balance of **$38,261.94** today. (Hoffman Aff., ¶ 7 & Exh. 4.) With respect to interest charges, the Credit Agreement specified that the annual percentage rate would be equal to "an independent index which is the New York

Lending Rate As Published in the Wall Street Journal," plus a margin of 2.00%.  (Hoffman Aff., ¶ 3 & Exh. 1.)  Thus, the annual percentage rate at the inception of the Credit Agreement was fixed at 5.323%, and later fluctuated along with that index from a low mark of 5.25% on July 25, 2013, to a rate of 5.50% on December 18, 2015, to a high mark of 5.75% on December 15, 2016.  (*Id.*, ¶ 9 & Exhs. 1 & 4.)  Plaintiff fairly and appropriately calculates interest on that $38,261.94 principal balance from the January 27, 2016 date of the last payment through the present at an APR of 5.50%.  (*Id.*, ¶¶ 9 & 10.)  Extrapolating those calculations through the date of this Order results in a total interest accrual of **$2,034.26**.[1]  Plaintiff also shows that Skinner Pile Driving owes late payment charges of $72.90 per month for each of 11 months in which it has not made an installment payment following the January 27, 2016 payment.  (*Id.*, ¶¶ 3, 6, 10 & Exh. 4.)  Thus, late charges of **$801.90** are properly added to First Community's recoverable damages.  In short, First Community has now made a reasonable and adequate showing that the total principal, interest and late charges to which it is entitled in the default judgment award in this matter are **$41,098.10**.

As its second category of damages, First Community requests an award of $20,300.12 for its costs of collection (excluding attorney's fees, which are a separate category).  The Credit Agreement included a provision in which Skinner Pile Driving agreed that, in the event of default, it would be responsible for paying First Community's collection costs, including attorney's fees, legal expenses, court costs and all other sums provided by law.  (Hoffman Aff., Exh. 1, at 2.)  Moreover, the Commercial Guaranties executed by the Skinners included provisions under which James and Suzanne Skinner agreed "to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. … Guarantor also shall pay all court costs and such additional fees as may be directed by the court."  (*Id.*, Exhs. 3 & 4, at 2.)  Defendants are therefore properly held accountable as a matter of contract for all reasonable collection costs incurred by First Community as to the underlying Skinner Pile Driving debt.

---

[1] To reach that figure, the Court multiplies the $38,261.94 principal balance by the 0.055 APR and divides the product by 360, resulting in a per diem interest charge of $5.8455.  There have been 348 days from January 27, 2016 through the date of this Order; therefore, the per diem charge is multiplied by 348 to arrive at a total accrued interest figure.

Plaintiff has made an adequate showing that it actually, reasonably incurred $20,300.12 in costs and expenses in its efforts to collect on the Credit Agreement and the Commercial Guaranties executed by defendants. The vast majority of such costs and expenses were incurred during First Community's efforts to bring about the arrest, custody and sale of the M/V MISS ANNA, which was collateral for the subject loan. Indeed, plaintiff's evidence is that it paid arrest/custody/sale related costs as follows: (i) $4,380 to U.S. Maritime Security for substitute custodian fees; (ii) $9,640.60 to Cooper Marine & Timberlands Corp. for substitute custodian and vessel maintenance/repair fees; (iii) $1,500 to C.E. Collier & Associates, Inc. for a marine survey (necessary before the vessel could be moved to the new, cheaper substitute custodian's facilities); (iv) $1,562.50 to United States Fire Insurance for port risk insurance; (v) $670.42 to the *Press Register* for publication of the notice of arrest of the vessel; (vi) $643.76 to Alabama Media Group for publication of the notice of sale; (vii) $1,196.01 to the U.S. Marshal as its sales commission for the auction of the M/V MISS ANNA; and (viii) $37.00 for documents received from and filed with the U.S. Coast Guard. For each of these line items, First Community has shown not only that it actually incurred the expense, but also that it had a reasonable, valid basis for doing so in the context of its ongoing collection efforts on the subject Credit Agreement and Commercial Guaranties. (Radcliff Aff. (doc. 41, Exh. B), ¶¶ 7-14; Hoffman Aff., ¶ 11.) Furthermore, plaintiff has shown that it reasonably incurred litigation costs in pursuing this collection action, consisting of a $400 filing fee, $85 service of process charge, $78.73 in on-line research costs, $89.55 for in-office photocopies, $9.80 for PACER fees and $6.85 in postage. (Radcliff Aff., ¶ 13.) On this showing, the Court finds that First Community has met its burden of showing that it incurred collection costs and expenses (exclusive of its attorney's fees) in the amount of **$20,300.12,** that the *in personam* defendants are contractually obligated to reimburse those costs and expenses to First Community, and that such amount is properly included in the default judgment entered against defendants herein.

The third and final category of damages sought by First Community is an award of attorney's fees. Plaintiff has shown via the aforementioned contractual provisions that Skinner Pile Driving, James Skinner and Suzanne Skinner each agreed to pay First Community's reasonable attorney's fees as part of the collection costs in this action. Plaintiff has also made an extensive showing of reasonableness by documenting in considerable detail the hourly rates that were charged, the reasons why those hourly rates are reasonable given the prevailing rates in the

relevant legal market and the nature of the work performed, and a comprehensive itemized breakdown of the hours spent, the tasks performed, and the reasons why that allocation of hours was reasonably necessary in furtherance of First Community's collection efforts (including the preparation and advancement of this litigation, as well as plaintiff's efforts to locate, arrest, preserve and sell the collateral). (Radcliff Aff., ¶¶ 3-12; McCarthy Aff. (doc. 41, Exh. C), ¶¶ 2, 6-10.) On the basis of this evidentiary showing, the Court determines that First Community has met its burden of showing that it incurred attorney's fees of **$21,723.68** in pursuing this litigation and seizing the collateral, and that such amounts are reasonable costs of collection that defendants agreed to pay by the express terms of the Credit Agreement and Commercial Guaranties. As such, that amount is properly included in the default judgment award in this case.

In sum, then, plaintiff is entitled to a damages award against defendants, jointly and severally, in the amount of **$83,121.90**, consisting of $38,261.94 in due and owing principal on the underlying Line of Credit Agreement, $2,034.26 in accrued interest, $801.90 in late charges, $20,300.12 in costs and expenses of collection (exclusive of attorney's fees), and $21,723.68 in reasonable attorney's fees incurred by First Community Bank in enforcing the terms of the Line of Credit Agreement and Commercial Guaranties.

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Motion for Default Judgment (doc. 38) is **granted**;
2. A default judgment will be entered in favor of plaintiff, First Community Bank, and against defendants James N. Skinner, Suzanne P. Skinner and Skinner Pile Driving, Inc., jointly and severally, in the total amount of **$83,121.90**; and
3. Inasmuch as this Order and the accompanying Default Judgment fully and finally adjudicate all claims and issues joined in this action, the Clerk of Court is directed to close this civil case file for statistical and administrative purposes.

DONE and ORDERED this 10th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE